UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA WILLIAMS, | |
| Plaintiff, | No. 20-cv-2818 |
| v. | Judge Thomas M. Durkin |
| ILLINOIS DEPARTMENT OF HUMAN RIGHTS, | |
| Defendant. | |

**MEMORANDUM ORDER AND OPINION**

*Pro se* Plaintiff Angela Williams brings this action against the Illinois Department of Human Rights ("IDHR") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. IDHR moved to dismiss Williams' complaint. R. 20. For the following reasons, IDHR's motion is granted.

**Background[1]**

In December 2018, the IDHR posted a job opening for a position titled "Office Associate, Option 2" (hereinafter "Option 2"). R. 1 at 9. Under state hiring guidelines,

---

[1] The following is based on allegations appearing in Plaintiff's complaint as well as the document attached to her complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("When ruling on a motion to dismiss, the court may consider "documents . . . attached to the complaint, documents . . . central to the complaint and . . . referred to in it, and information that is properly subject to judicial notice."). This section also incorporates the additional factual allegations in Plaintiff's brief in opposition to IDHR's motion to dismiss since those allegations are consistent with the allegations in the complaint. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

1

the job is considered a "Group A Title" position, meaning that candidates are required to take a typing skills test and receive a passing grade. *Id*. The test is administered by the Illinois Department of Central Management Services ("CMS"). *Id*. A candidate who passes the test is deemed eligible for the Option 2 position. *Id*. Conversely, a candidate who does not pass the test or otherwise take the test is not eligible. *Id*. Once a candidate is selected and hired by IDHR, all relevant paperwork is submitted to CMS for final review and approval. *Id*. at 11. The approval process at CMS often takes place after the selected candidate has already started working. *Id*.

Williams applied for the Option 2 position. *Id*. Her application included an examination grade from CMS as well as a letter from Williams stating that she does not have full strength and use of her right arm. *Id*. Williams wrote that while she might require a reasonable accommodation if she were to be selected for the position, she is "able to perform essential general office functions and ha[s] the experience, including moderate typing. My disability has enabled me to pass the qualifications for typing to acquire an office position." *Id*. at 11-12.

The IDHR interviewed Williams and offered her the job on February 28, 2019. *Id*. at 13. Williams accepted and started work on March 18, 2019. *Id*. After the relevant paperwork was sent to CMS for review, CMS noticed a problem with Williams' application. *Id*. That is, she received a passing grade for the typing skills test associated with the "Office Associate, Option 1" position but never received a passing grade for the test associated with the Option 2 position. *Id*. CMS alerted IDHR of the issue on April 5, 2019. *Id*. IDHR reviewed Williams' application again

2

and realized that she was unqualified for the job because she had not received a passing grade on the required skills test. *Id*.

According to Williams, IDHR notified her of the problem and told her that she needed to take and pass the test associated with the Option 2 position in order to stay in the job. R. 25 at 2. Williams replied that her disability prevents her from passing the test. *Id*. IDHR reminded Williams that CMS administers the typing test, not IDHR, and told Williams that she should contact CMS about potential accommodations in taking the exam. *Id*. Williams followed that recommendation and communicated with employees at CMS in the weeks that followed. *Id*. Williams contends that IDHR never helped her stay in the Option 2 job. *Id*.

On August 21, 2019, Williams filed a charge with the Equal Employment Opportunity Commission ("EEOC") against IDHR. *Id*. at 7. She received a right to sue letter from the EEOC on February 11, 2020. *Id*. at 3. Williams filed her complaint in this Court in May 2020. She did not attach her EEOC right to sue letter to her complaint, but did attach a position statement filed with the EEOC recommending that Williams' charge be dismissed. *See* R. 1 at 8.

## Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

Williams brings two claims under the ADA: disability discrimination and failure to accommodate. To bring her disability discrimination claim, Williams must sufficiently allege that "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and (3) she suffered from an adverse employment action because of her disability." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 839 (7th Cir. 2012) (citing *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005)). Williams's failure to accommodate claim similarly requires her to adequately allege that (1) she is a qualified individual with a disability; (2) IDHR was aware of her disability; and

4

(3) IDHR failed to reasonably accommodate her disability. *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019).

The ADA does not protect every individual with a disability. The ADA protects only "qualified individual[s] with a disability," 42 U.S.C. § 12112(a). A "qualified individual with a disability" is someone who "(1) satisfies the requisite skill, experience, education, and other job-related requirements of his employment position, and (2) can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Budde v. Kane Cty. Forest Pres.*, 597 F.3d 860, 862 (7th Cir. 2010) (quoting 29 C.F.R. § 1630.2(m)). In other words, whether someone is a qualified individual is a "two-step inquiry" and the first step asks whether the individual "satisfies the prerequisites for the position, i.e. that he has the proper training, skills and experience." *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1284 (7th Cir. 1996). If an individual is deemed unqualified, he "stands outside the protective reach of the ADA." *Corder v. Lucent Techs., Inc.*, 162 F.3d 924, 928 (7th Cir. 1998).

While *pro se* litigants are entitled to have their pleadings construed liberally, Williams' claims fail because she does not plausibly allege that she is a "qualified individual" under the ADA. Indeed, the exhibits that Williams attached to her complaint and opposition brief show that state guidelines required Option 2 applicants to have certain "job-related requirements" to qualify for the position—i.e. a passing grade from a typing skills test administered by CMS—and further show that Williams did not take that test or receiving a passing grade. *See* R. 1 at 13

5

(statement filed with EEOC noting that Williams had a passing grade for the Option 1 position but never received the same for the Option 2 position); R. 25 at 36 (IDHR administrator stating that "when applying for an Opt. 2 position, the Opt. 2 test still has to be taken"). Williams argues that she was qualified because she completed 90 percent of her training for the Option 2 position, spent two months on the job, and received a promotional examination grade notice from CMS deeming her "well qualified." R. 25 at 5. But that notice, which Williams attaches to her opposition brief, is from four years ago and Williams does not argue that it applies to the Option 2 position. *See* R. 25 at 65. Furthermore, even if Williams nearly completed her training and spent two months on the job, employers are entitled to condition employment on the passing of a test or examination. *See, e.g.*, *Wheeler v. Lisle-Woodridge Fire Protection Dist.*, 804 F.Supp.2d 759, 764 (N.D. Ill. 2011) (plaintiff who brought ADA claim deemed unqualified for fire-medic job because he did not pass medical examination); *Kaitschuck v. Doc's Drugs, Ltd.*, 2014 WL 1478017, at *2-3 (N.D. Ill. Apr. 15, 2014) (plaintiff's failure to receive required certification rendered her unqualified under the ADA). Because Williams has not sufficiently alleged that she is a "qualified individual" under the ADA, her discrimination and accommodation claims fail.[2] *See Budde*, 597 F.3d at 863 (affirming dismissal of ADA claims because plaintiff had not shown that he was a "qualified individual").

---

[2] The parties separately dispute whether Williams' disability was the "but for" cause of her termination and whether Williams can pursue punitive damages. The Court need not decide these issues because Williams has not plausibly shown that she is a "qualified individual" under the ADA.

6

On a final note, the Court takes no position as to whether Williams could plausibly allege an ADA claim against CMS. Her complaint and exhibits suggest that CMS administers the typing skills exam and is responsible for making accommodations related to the exam. Williams did not name CMS as a defendant in this case, however. She only named IDHR.

## Conclusion

For the above-mentioned reasons, the Court grants IDHR's motion to dismiss Williams' complaint, R. 20. Williams may move for leave to file an amended complaint if she believes she can cure the deficiencies described in the opinion. That motion must be filed within 30 days or her complaint against IDHR will be dismissed with prejudice.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: January 20, 2021